UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :

UNITED STATES OF AMERICA           :

          -v-                                          :             18-CR-528 (JMF)

CHRISTOPHER BULLOCK,           :             <u>MEMORANDUM OPINION
                                                       :             AND ORDER</u>
                 Defendant.                 :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On December 5, 2019, the Court sentenced Defendant Christopher Bullock, after he had pleaded guilty to a violation of the Travel Act for his role in promoting the prostitution of two minor victims, to fifty-four months' imprisonment. *See* ECF Nos. 215, 245 ("Tr."). Relying primarily on the COVID-19 pandemic, he now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. *See* ECF No. 344 ("Def.'s Mem."). In the wake of the First Step Act, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" *and* that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1]

       Upon review of the parties' papers, the motion is denied, substantially for the reasons set forth in the Government's response. *See* Gov't Mem. 4-6.[2] Most notably, Mr. Bullock cannot

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Mr. Bullock appears to have satisfied. *See* Def.'s Mem. 4; ECF No. 347 ("Gov't Mem."), at 3.

[2] The Government's request to file Mr. Bullock's medical records under seal is granted. *See* Gov't Mem. 3 n.2.

satisfy his burden of showing that relief is warranted based on the fact that he was offered, and he refused, a COVID-19 vaccine. *See id.* at 5; *see also* ECF No. 350.[3] "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." *United States v. Lohmeier*, No. 12-CR-1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (citing cases); *United States v. Gonzalez Zambrano*, No. 18-CR-2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate herself against that same disease. Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."). Whether the issue is considered in reference to the existence of "extraordinary and compelling reasons" justifying relief or to the sentencing factors set forth in Section 3553(a), the result is the same: Mr. Bullock fails to show that relief is warranted.

      That conclusion is strengthened by several other considerations. First, Mr. Bullock himself tested positive for the virus in June 2020 and has apparently recovered, "presumably reducing — if not eliminating — his risk of contracting the disease going forward." *United States v. Ayon*, No. 18-CR-269 (JMF), 2020 WL 7401620, at *1 (S.D.N.Y. Dec. 17, 2020); *see also, e.g.*, Sheila F.

---

[3] Notably, even though Mr. Bullock's motion is based primarily on the risk to his health posed by COVID-19, he did not disclose the fact that he had been offered, and refused, a COVID-19 vaccine in his initial motion papers. Even more notably, although counsel submitted a reply to provide "context" for Mr. Bullock's decision, counsel did not claim to have been unaware of the fact that Mr. Bullock had turned down the vaccine prior to the motion being filed. That is not consistent with the duty of candor owed to the Court.

Lumley et al., "Antibodies to SARS-CoV-2 are associated with protection against reinfection" (Nov. 19, 2020) (finding that prior infection with COVID-19 that generated antibody responses likely offers protection for at least six months following infection and noting that), *available at* https://www.medrxiv.org/content/10.1101/2020.11.18.20234369v1.  Granted, the extent and duration of any such immunity is not definitively known, *see* Def.'s Mem. 5-6, but "[e]vidence for post-infection immunity is emerging" and the number of confirmed cases of reinfection is vanishingly small, Lumley et al., *supra*, at 7 ("Despite an estimated 55 million people infected worldwide and high rates of ongoing transmission, reports of SARS-CoV-2 reinfection are few, mostly in individuals with mild or asymptomatic primary infection.").

Second, conditions at FCI Fairton, where Mr. Bullock is incarcerated, are not that bad at the moment — and appear to be improving.  At present, there are zero positive inmates and only three positive staff members; and 58% of the inmate population (513 out of 890) are fully vaccinated.  *See* https://www.bop.gov/coronavirus/ (last visited Apr. 20, 2021).  Finally, the seriousness of the Mr. Bullock's offense — including but not limited to the impact it had on the minor victims — weighs strongly in favor of adhering to the sentence previously imposed.  *See* Tr. 20.  The Court acknowledges that Mr. Bullock's conduct while in prison has been admirable.  *See* Def.'s Mem. 19-21.  In the final analysis, however, that is not enough to justify relief under the compassionate release statute (particularly given that the Court already granted Mr. Bullock a lower sentence based upon his admirable conduct while incarcerated pending sentencing).  *See id.* at 19-20.  Accordingly, and for the reasons discussed above, the motion is DENIED.

The Clerk of Court is directed to terminate ECF No. 344.

SO ORDERED.

Dated: April 20, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge